**WEILAND GOLDEN GOODRICH LLP**
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TIM M. McKENNA,<br><br>    Debtor. | Case No. 8:18-bk-13588-SC<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, Chapter 7 Trustee for the estate of Tim M. McKenna,<br><br>    Plaintiff,<br><br>v.<br><br>TIM M. McKENNA, as trustee of the ZZYZZX Gift Trust, TIM M. McKENNA, as trustee of the Timothy M. McKenna and Catherine K. McKenna 2002 Revocable Trust, COURTNEY STATHAM AKA COURTNEY PENTEADO, as trustee of the ZZYZZX Gift Trust, and SITEWORK DEVELOPMENT COMPANY, LLC<br><br>    Defendant. | Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE OF POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549(a);**<br>**(2) RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. §550;**<br>**(3) PRESERVATION OF TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. §551;**<br>**(4) REVOCATION OF TRUST;**<br>**(5) DECLARATORY RELIEF; AND**<br>**(6) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542** |

1293341.1                                                                                                          COMPLAINT

**TO THE DEFENDANTS AND THEIR COUNSEL:**

Jeffrey I. Golden, the duly appointed and acting chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of debtor Tim M. McKenna ("Debtor"), hereby files this adversary complaint for: (1) Avoidance of Post-Petition Transfer Pursuant to 11 U.S.C. §549(a); (2) Recovery of Avoided Transfer Under 11 U.S.C. §550; (3) Preservation of Transfer For the Benefit of the Estate Pursuant to 11 U.S.C. §551; (4) Revocation of Trust; (5) Declaratory Relief; and (6) Turnover of Property of the Estate Pursuant to 11 U.S.C. §542 ("Complaint"), against Tim M. McKenna, as trustee of the ZZYZZX Gift Trust, Tim M. McKenna, as trustee of the Timothy M. McKenna and Catherine K. McKenna 2002 Revocable Trust, Courtney Statham also known as Courtney Penteado, as trustee of the ZZYZZX Gift Trust, and Sitework Development Company, LLC (each a "Defendant" and collectively, the "Defendants"), and alleges as follows.

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105, 549, 550, 551, 542, and 543. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (J), and (O). Regardless of whether this is a core proceeding, the Plaintiff consents to the entry of final orders and a judgment by the Bankruptcy Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a).

3. This adversary proceeding arises out of and relates to the bankruptcy case of Tim M. McKenna, a chapter 7 bankruptcy case bearing case number 8:18-bk-13588-SC, currently pending in the United States Bankruptcy Court, Central District of California ("Bankruptcy Case").

## PARTIES

4. The Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's Estate. The Plaintiff brings this action solely in his capacity as the Trustee.

5. The Plaintiff was appointed as the Trustee after the filing of the Bankruptcy Case. As a result, the Plaintiff may not have personal knowledge of certain facts alleged in this Complaint that occurred prior to his appointment and, to the extent that is the case, the Plaintiff alleges all such facts on information and belief. To the extent the Plaintiff may not have personal knowledge of any other facts alleged herein, whether relating to acts and events before or after his appointment, all such facts are alleged on information and belief. The Plaintiff reserves the right to amend this Complaint to allege additional claims against the above-captioned Defendants, to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint, to name additional defendants, and to otherwise amend this Complaint.

6. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Tim M. McKenna ("Debtor") is an individual and is the Debtor in the above-captioned bankruptcy case.

7. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Courtney Statham, also known as Courtney Penteado ("Courtney"), is an individual residing at 61 Stetson, Irvine, California, and is the Debtor's girlfriend.

8. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Sitework Development Company, LLC ("Sitework"), is a Delaware limited liability company that is 99% owned by the ZZYZZX Gift Trust ("Gift Trust"), and 1% owned by the Timothy M. McKenna and Catherine K. McKenna 2002 Revocable Trust ("Family Trust").

9. The Plaintiff is informed and believes, and based thereon alleges, that Debtor is a trustee of the Gift Trust and is a trustee of the Family Trust.

10. The Plaintiff is informed and believes, and based thereon alleges, that Courtney is a trustee of the Gift Trust.

## GENERAL ALLEGATIONS

11. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor filed a voluntary chapter 7 case on September 27, 2018 ("Petition Date").

12. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor and his spouse, Catherine McKenna ("Catherine"), with whom the Debtor is involved in a marital dissolution proceeding, are the beneficiaries of the Gift Trust.

13. The Plaintiff is informed and believes, and based thereon alleges, that as of the Petition Date, the Debtor was the sole, acting trustee of the Gift Trust and had the power to unilaterally make distributions from the Gift Trust.

14. The Plaintiff is informed and believes, and based thereon alleges, that Debtor and his spouse, Catherine, are the settlors and trustees of the Family Trust.

15. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor has sole exclusive control over Sitework through his control of the Gift Trust.

16. The Plaintiff is informed and believes, and based thereon alleges, that on the Petition Date, the Debtor also was the Manager of Sitework.

17. The Plaintiff is informed and believes, and based thereon alleges, that after the Petition Date, Courtney was appointed as the Manager of Sitework.

18. The Plaintiff is informed and believes, and based thereon alleges, that on or about November 13, 2018 after the Petition Date, Courtney was appointed as the "Independent Trustee" of the Gift Trust.

19. The Plaintiff is informed and believes, and based thereon alleges, that Sitework owns substantial assets, including the real property located at 20330 Temescal Canyon Road, Corona, CA 92881 ("Temescal Canyon Property") and two lots of land located in Newberry Springs, CA (the "Newberry Springs Lots").

## FIRST CLAIM FOR RELIEF

**(For Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(a))**

20. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is informed and believes and, on that basis, alleges that the Gift Trust was created with an "Independent Trustee", Ron Parks, and a "Family Trustee," the Debtor.

22. Plaintiff is informed and believes and, on that basis, alleges that the "Independent Trustee" and the "Family Trustee" shared duties, powers, and rights with respect to the Gift Trust.

23. Plaintiff is informed and believes and, on that basis, alleges that, on or about August 6, 2012, Ron Parks was removed as "Independent Trustee" of the Gift Trust, and the Debtor agreed to act as "Independent Trustee" and to be deemed the sole, acting trustee of the Gift Trust.

24. Plaintiff is informed and believes and, on that basis, alleges that on the Petition Date, the Debtor was the sole, acting trustee of the Gift Trust and had all duties, powers, and rights of both the "Independent Trustee" and the "Family Trustee."

25. Plaintiff is informed and believes and, on that basis, alleges that the Trustee questioned the Debtor about the Gift Trust at the Debtor's first Section 341 meeting of creditors on November 7, 2018 ("Meeting of Creditors"), and the Debtor failed to answer the Trustee's questions about the identity of the trustees, contents, assets, beneficiaries, or terms of the Gift Trust.

26. Plaintiff is informed and believes, and on that basis alleges, that the Trustee informed the Debtor at the Debtor's first Meeting of Creditors that the Debtor's bankruptcy schedules should be amended to include the Gift Trust, the Debtor's interest in the Gift Trust, and all the information related to the Gift Trust.

27. Plaintiff is informed and believes, and on that basis alleges, that as of the date of this Complaint, the Debtor has not amended his bankruptcy schedules to include

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

the Gift Trust, the Debtor's interest in the Gift Trust, or all the information related to the Gift Trust.

28. Plaintiff is informed and believes and, on that basis, alleges that, only five days after the Debtor's first Meeting of Creditors, on or about November 12, 2018, the Debtor and Courtney caused the appointment of Courtney as the "Independent Trustee" of the Gift Trust, and one day later on or about November 13, 2018, Courtney accepted her appointment as "Independent Trustee" of the Gift Trust ("Post-Petition Transfer").

29. Plaintiff is informed and believes, and on that basis alleges, that the Debtor and Courtney amended the Gift Trust after the Post-Petition Transfer.

30. Plaintiff is informed and believes and, on that basis alleges, that the Post-Petition Transfer resulted in the relinquishment of the Estate's powers and rights with respect to the Gift Trust without authorization or approval of the Trustee or the Bankruptcy Court.

31. Plaintiff is informed and believes and, on that basis alleges, that the Post-Petition Transfer was not authorized under the Bankruptcy Code, by the Bankruptcy Code, or by the Bankruptcy Court after the commencement of the Bankruptcy Case.

32. By reason of the foregoing, pursuant to Section 549(a), the Trustee may avoid the Post-Petition Transfer.

33. The Plaintiff is informed and believes, and based thereon alleges, that creditors existed at the time of the Post-Petition Transfer that remained unpaid as of the Petition Date.

34. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Post-Petition Transfer to or for the benefit of Courtney to the exclusion of creditors of the Estate.

35. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor received inadequate consideration from Courtney for the Post-Petition Transfer.

36. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor was insolvent at the time of the Post-Petition Transfer and/or was rendered insolvent by virtue of the Post-Petition Transfer.

37. The Plaintiff is informed and believes, and based thereon alleges, that Courtney did not take the Post-Petition Transfer in good faith.

38. By reason of the foregoing, the Transfer is avoidable and the Plaintiff is entitled to set aside the Post-Petition Transfer pursuant to 11 U.S.C. §549.

## SECOND CLAIM FOR RELIEF

**(For Recovery of Avoided Transfer Under 11 U.S.C. §550)**

39. Plaintiff incorporates each and every allegation contained n paragraphs 1 through 38, as though fully set forth herein.

40. Plaintiff is informed and believes, and on that basis alleges that the Post-Petition Transfer is avoidable.

41. Plaintiff is informed and believes, and on that basis, alleges that Courtney is a transferee within the meaning of 11 U.S.C. §550(a).

42. Plaintiff is entitled to judgment for the recovery of the Debtor's interest in the Gift Trust transferred as a result of the Post-Petition Transfer, for the benefit of the Estate.

## THIRD CLAIM FOR RELIEF

**(To Preserve Transfer for the Benefit of the Estate**

**Pursuant to 11 U.S.C. §551)**

43. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 42, as though fully set forth herein.

44. Pursuant to 11 U.S.C. §551, if the Post-Petition Transfer is avoided, the Post-Petition Transfer is preserved for the benefit of the Estate.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

45. The Plaintiff is informed and believes, and based thereon alleges, that the Post-Petition Transfer was made for the benefit of Courtney to the exclusion of creditors of the Estate.

46. The Plaintiff is informed and believes, and based thereon alleges, that Courtney did not take the Post-Petition Transfer in good faith.

47. The Plaintiff is entitled to judgment under 11 U.S.C. § 551 that the Post-Petition Transfer is preserved for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (For Revocation of Trust)

48. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as though set forth in full.

49. Plaintiff is informed and believes, and based thereon alleges, that on March 13, 2002, Debtor and Catherine K. McKenna set up the Family Trust and are the settlors and trustees of the Family Trust.

50. Plaintiff is informed and believes, and based thereon alleges, that the Family Trust is a revocable trust.

51. Plaintiff shall and hereby seeks to revoke the Family Trust pursuant to the terms of the Family Trust.

52. Plaintiff shall and hereby demands turnover of the property of the Family Trust to the Trustee for the benefit of the Estate.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief)

53. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 52, inclusive, of this Complaint as though set forth in full.

54. Plaintiff is informed and believes, and based thereon alleges, that the property of the Family Trust is an asset of the Estate and the Estate is entitled to recover the entirety of the property of the Family Trust and that there is an actual and justiciable controversy over whether and to what extent Plaintiff is entitled to recover all or part of the Family Trust's property.

55. Plaintiff is informed and believes, and on that basis alleges, that the Estate is entitled to recover the entirety of the property of the Family Trust.

56. Plaintiff is informed and believes, and on that basis alleges, that Defendants dispute that the Estate is entitled to recover the entirety of the property of the Family Trust

57. Plaintiff seeks a declaration that it is entitled to recover the property of the Family Trust and that such property are assets of the Estate pursuant to 11 U.S.C. §541.

### SIXTH CLAIM FOR RELIEF

### (Turnover of Property of the Estate Pursuant to 11 U.S.C. §542)

58. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57, inclusive, of this Complaint as though set forth in full.

59. The Plaintiff is informed and believes, and based thereon alleges, that the Trustee is entitled to step into the shoes of the Debtor with respect to the Debtor's rights and interests in the Gift Trust as of the Petition Date.

60. The Plaintiff is informed and believes, and based thereon alleges, that on the Petition Date, the Debtor was the sole, exclusive, acting trustee of the Gift Trust, and as such had unfettered and exclusive control of the Gift Trust and the distribution of assets of the Gift Trust to himself as beneficiary.

61. The Plaintiff is informed and believes, and based thereon alleges, that the Gift Trust has substantial assets, including the 99% ownership of Sitework, which owns substantial assets including the Temescal Canyon Property and the Newberry Springs Lots.

62. Pursuant to 11 U.S.C. §542(a), the Plaintiff seeks an order compelling the turnover of the rights, assets, and interests of the Gift Trust for the benefit of the Estate so that the Gift Trust can be administered for the benefit of the Debtor's creditors.

63. Pursuant to 11 U.S.C. §542(a), the Plaintiff seeks an order compelling the turnover of all documents relating to the Gift Trust.

64. Pursuant to 11 U.S.C. §§542 and 543, the Plaintiff seeks an order compelling the turnover of all property of the Family Trust to the Trustee for the benefit of the Estate.

65. Pursuant to 11 U.S.C. §§542 and 543, the Plaintiff seeks an order compelling the turnover of all documents relating to the Family Trust.

**Wherefore**, Plaintiff respectfully prays for judgment as follows:

### On the First Claim for Relief

1. For judgment avoiding and setting aside the Post-Petition Transfer pursuant to 11 U.S.C. § 549, declaring the transfer of the Debtor's rights, assets, and interests in the Gift Trust relating to the Post-Petition Transfer is annulled and rendered void as a post-petition transfer, and/or providing any other remedy available under applicable law.

### On the Second Claim for Relief

3. For judgment recovering for the benefit of the Estate pursuant to 11 U.S.C. § 550, the Debtor's rights, assets, and interests in the Gift Trust transferred as a result of the Post-Petition Transfer, and/or providing any other remedy available under applicable law.

### On the Third Claim for Relief

4. For judgment preserving for the benefit of the Estate pursuant to 11 U.S.C. § 551, the Debtor's rights, assets, and interests in the Gift Trust transferred as a result of the Post-Petition Transfer, and/or providing any other remedy available under applicable law.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Fourth Claim for Relief

5. For judgment revoking the Family Trust and granting turnover of the assets of the Family Trust to the Trustee for the benefit of the Estate.

### On the Fifth Claim for Relief

6. For a determination and declaration that the property of the Family Trust are assets of the Estate pursuant to 11 U.S.C. § 541.

### On the Sixth Claim for Relief

7. For judgment ordering that the rights, assets, and interests of the Debtor in the Gift Trust transferred pursuant to the Post-Petition Transfer as well all documents relating to the Gift Trust be turned over to the Plaintiff pursuant to 11 U.S.C. §542 for the benefit of the Estate so that the Gift Trust can be administered for the benefit of the Debtor's creditors, and/or providing any other remedy available under applicable law.

8. For judgment ordering that all property of the Family Trust and documents relating to the Family Trust be turned over to the Plaintiff pursuant to 11 U.S.C. §§542 and 543 for the benefit of the Estate so that the assets of the Family Trust can be administered for the benefit of the Debtor's creditors, and/or providing any other remedy available under applicable law.

### On all Claims for Relief

1. For costs of suit incurred herein, including, without limitation, attorney's fees; and

2. For such other and further relief as is just and proper.

Respectfully submitted,

Dated: September 25, 2020          WEILAND GOLDEN GOODRICH LLP

By: /r/ *Reem J. Bello*
REEM J. BELLO
RYAN W. BEALL
Attorneys for Plaintiff

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jeffrey I. Golden, Chapter 7 Trustee for the estate of Tim M. McKenna | **DEFENDANTS**<br>Tim McKenna, Courtney Penteado/Courtney Statham |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Drive Suite 600<br>Costa Mesa, CA 92626 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint For Judgment: (1) Avoiding Fraudulent Transfer Pursuant To 11 U.S.C. § 548(A)(1)(A); (2) Avoiding Fraudulent Transfer Pursuant To 11 U.S.C. § 548(A)(1)(B); (3) Recovery Of Fraudulent Transfer Pursuant To 11 U.S.C. § 550;  (4) Preserving Fraudulent Transfer Pursuant To 11 U.S.C. § 551;  (5) For Imposition Of Resulting Trust; (6) For Declaratory Relief; (7) Turnover Of Property Of The Estate Pursuant To 11 U.S.C. § 542(A); And (8) For Authorization To Sell Real Property In Which Co-Owner Holds Interest Pursuant To 11 U.S.C. § 363(H)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Tim M. McKenna | BANKRUPTCY CASE NO.<br>8:18-bk-13588-SC | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District, Santa Ana Division | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>S. Clarkson | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey I. Golden | | | |
| DATE<br>09/25/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey I. Golden | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.